| | |
|---|---|
| **RENATA BARKER,** Administratrix of the **ESTATE OF BRIAN K. BARKER,** Deceased, and in her own right,            Plaintiff,<br><br>v.<br><br>**TYSON FOODS, INC., et al.,**            Defendants. | :<br>:<br>:<br>:  Civ. No. 21-223<br>:<br>:<br>:<br>:<br>:<br>: |

**Diamond, J.**                                                                                    November 4, 2021

### MEMORANDUM

Renata Barker alleges that her late husband's employers caused his wrongful death from COVID-19. The employers removed this action from state court, invoking diversity, federal question, and federal defense jurisdiction. Mrs. Barker moves to remand. Because there is complete diversity between Plaintiff and the sole Defendant she did not fraudulently join, I will deny her Motion.

**I. BACKGROUND**

A Pennsylvania resident Mrs. Barker filed the instant Complaint in the Philadelphia Common Pleas Court against: Tyson Foods, Inc., a citizen of Arkansas (its principal place of business) and Delaware (its state of incorporation), and its purported subsidiaries, the Original Philly Steak, Inc., a citizen of Pennsylvania, and Original Philly Holdings, Inc., also a Pennsylvania citizen. Plaintiff alleges that each of the three Defendants "does business as" the other Defendants, and so refers to all three collectively as "the Tyson Defendants." (Doc. No. 1, Exh. A at ¶ 51.) Plaintiff alleges that the two Pennsylvania Defendants have the same address: 520 East Hunting Park Avenue, Philadelphia, PA, 19124.

Plaintiff proceeds in her own right and for the estate of her deceased husband, Brian Barker, who worked at Defendants' meatpacking plant, where he contracted a fatal case of COVID-19. Plaintiff alleges that Defendants' managerial response to the pandemic caused Mr. Barker's death.

Plaintiff thus charges that all three Defendants are liable under Pennsylvania law, alleging: (1) negligence, (2) fraudulent misrepresentation, (3) intentional misrepresentation, (4) wrongful death, and (5) recovery under the Pennsylvania Survivor Act.  (Doc. No. 1); 42 Pa.C.S.A. § 8302.

As I explain below, Plaintiff has never served Original Philly Steak, Inc., which is not actually a Defendant in this case.  Plaintiff has moved to remand.  (Doc. No. 9.)  The matter has been fully briefed.  (Doc. Nos. 1, 9, 15, 16.)

## II. FACTUAL ALLEGATIONS

Plaintiff's Complaint reads like a press release—replete with photographs and over-heated rhetoric—not a Rule 8 pleading.  (" . . . Tyson has consistently placed profits over safety.") (Doc. No. 1, Exh. A, ¶ 56.)  See Fed. R. Civ. Pro. 8(a) ("A [complaint] . . . must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.").  The gravamen of Plaintiff's allegations is that while Mr. Barker worked in Defendants' meat processing plant, he contracted COVID-19 and perished because of the dangerous work conditions Defendants maintained, their wholly inadequate preventative measures, their dishonest safety assurances, and their insistence that their employees work while sick.  (Doc. No. 1, Exh. A, ¶¶ 10-14.)

## III. LEGAL STANDARDS

Federal courts have subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  An action brought in state court may be removed to the federal district where the action is pending if the district court would have original jurisdiction over the matter.  28 U.S.C. § 1441; Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  The removing party must establish federal subject matter jurisdiction.  Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

In determining whether to remand, the district court "must focus on the plaintiff's complaint at the time the petition for removal was filed."  Steel Valley Auth. v. Union Switch &

Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987). With limited exceptions, the district court "must assume as true all factual allegations of the complaint." Id.

**IV. DISCUSSION**

Tyson urges that because Original Philly Holdings is immune from this suit, its joinder here is fraudulent. (Doc. No. 15.) Tyson further argues that Original Philly Steak, Inc.—the Defendant Plaintiff named in her Complaint but never served—has nothing to do with this matter and so is also fraudulently joined as it "cannot be held liable for any of the alleged wrongdoing." (Doc. No. 15.) Disregarding (for jurisdictional purposes) the two fraudulently joined Pennsylvania Defendants, my remand decision turns on the citizenship of Plaintiff and Tyson alone. Plaintiff concedes that there is complete diversity between herself and Tyson and the amount in dispute exceeds $75,000. Because diversity jurisdiction thus exists, there is no basis to remand.

A. Fraudulent Joinder

Fraudulent joinder is "an exception to the requirement that removal be predicated solely upon complete diversity." In re Briscoe, 448 F.3d 201, 216-17 (3d Cir. 2006). Once fraudulent joinder is made out, the court may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Id. at 216 (citing Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999)). "Joinder is fraudulent when there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). "[T]he removing party carries a heavy burden of persuasion" to establish fraudulent joinder. Id.

B. Original Philly Holdings, Inc.

The Pennsylvania Supreme Court has held "that workmen's compensation is the exclusive remedy for job related injuries." Kline v. Arden H. Verner Co., 469 A.2d 158, 159 (Pa. 1983). Defendants thus urge that The Original Philly Holdings, Inc. (Holdings) is immune under the Worker's Compensation Act from Plaintiff's state law claims. 77 Pa. Stat. § 481(a). A "clear legal bar" under the PWCA is sufficient to establish that claims "are not colorable for purposes of fraudulent joinder." Hogan v. Raymond Corp., 536 Fed. Appx. 207, 210 (3d Cir. 2013). Accordingly, if Plaintiff cannot proceed against Holdings, her claims against that company are not colorable.

Plaintiff responds that because the Pennsylvania Supreme Court has held that "only one entity is *conceivably* able to claim the [PWCA] liability shield," and because there is a factual dispute as to which of the instant Defendants could make such a "claim," I may not rule that Holdings is immune from suit. Kiehl v. Action Manufacturing Company, 535 A.2d 571 (Pa. 1987). (Doc. No. 9.) Mrs. Barker has misread both the law and her own Complaint. The Kiehl Court instructs only that: (1) when applying the PWCA, a parent and its subsidiary "must be regarded as separate entities"; and (2) a parent is not an employer because it indirectly benefits from the work of a subsidiary's employee. Kiehl, 535 A.2d at 574 (citing Mohan v. Cont'l Distilling Co., 222 A.2d 876, 879 (Pa. 1966)).

The Kiehl Court further explained that an employer "control[s] and direct[s] the manner and method of work" its employees perform. Id. Plaintiff has explicitly alleged that Holdings (and the other Defendants) "controlled and supervised the work being done at the Plant" and had "possession and control of the Plant and the work being done there." (Doc. No. 1, Exh. A, ¶¶ 154, 159.) Plaintiff also alleges "there is sufficient evidence to suggest all Defendants maintained

control over [the] response to the COVID-19 pandemic at the meat plant where Mr. Barker contracted the virus." (Doc. No. 9.)  In these circumstances, the facts alleged by Plaintiff herself confirm that Holdings was Mr. Barker's employer and so is immune from suit under the PWCA.  Its joinder here is thus fraudulent.

### C. The Original Philly Steak, Inc.

Tyson next urges that Barker fraudulently joined Defendant The Original Philly Steak, Inc. (Steak Inc.), because it has nothing to do with the other Defendants or Mr. Barker's death and "therefore cannot be held liable for any of the alleged wrongdoing." (Doc. No. 1.)  Plaintiff counters that because the facts she has alleged must be taken as true, Steak Inc. was properly named as a defendant.

Although in determining whether joinder is fraudulent, I "must assume as true all factual allegations of the complaint [and] resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff," I may nonetheless take a "limited look outside the pleadings."  Batoff, 977 F.2d at 851-52; In re Briscoe, 448 F.3d at 220.  For example, I may consider "matters that are properly subject to judicial notice." Id.  These include SEC filings and Pennsylvania Department of State records.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1331 (3d Cir. 2002) (taking judicial notice of Proxy Statement and Form 10-Q filed with SEC); Jordan v. Philadelphia Media Network, 751 Fed. App'x 239, 242, n.2 (3d Cir. 2018) (taking judicial notice of Pennsylvania Department of State's business entities records when determining the existence of diversity jurisdiction).

The Department of State's business entities' records for "The Original Philly Steak" provide as follows:

> (1) "The Original Philly Steak, Inc.," a business corporation, entity number 870286, located at Ten Penn Center Suite 800, 18th Street & Market Street, Philadelphia, PA, 19103; and
>
> (2) "The Original Philly Steak," a fictitious name, entity number 4117746, located at 520 East Hunting Park Avenue, Philadelphia, PA, 19124. Pennsylvania Department of State, Business Entities Search, https://www.corporations.pa.gov/search/corpsearch (last visited Sept. 21, 2021).

These records also indicate that the fictitious name The Original Philly Steak (Steak) is registered to Philadelphia Cheesesteak Company, a fictitious name, entity number 6906131, located at 520 East Hunting Park Avenue, Philadelphia, PA, 19124. Id. Finally, the fictitious name Philadelphia Cheesesteak Company is registered to Holdings, a business corporation, entity number 6495399. Id.

Under Pennsylvania law, "[t]he use of a fictitious name does not create a separate legal entity, but is merely descriptive of a person or corporation who does business under another name." Burlington Coat Factory of Pa., LLC v. Grace Const. Mgmt. Co., 126 A.3d 1010, 1024 (Pa. Super. 2015). Suing a fictitious name defendant thus fails to defeat diversity because it is a nominal party. See Bumberger v. Ins. Co. of N. Am., 952 F.2d 764, 767 (3d Cir. 1991) (Federal courts must disregard nominal parties, which "are generally those without a real interest in the litigation," and "rest jurisdiction only upon the citizenship of real parties to the controversy."); Gentry v. Sikorsky Aircraft Corp., 383 F. Supp. 3d 442, 453 (E.D. Pa. 2019) (A fictitious name defendant "has no stand-alone existence and no stake in the outcome of [the] litigation . . . making it a nominal party."); see also Snowden v. CheckPoint Check Cashing, 290 F.3d 631, 634 n.2 (4th Cir. 2002)

(disregarding CheckPoint as a defendant because it is "merely a name for Elite" and so "not a separate legal entity capable of being sued").

Here, the Pennsylvania Department of State's business entities' records, Plaintiff's actions, and the Complaint confirm that Plaintiff named Steak—not Steak, Inc.—as a Defendant.  See Grannis v. Ordean, 234 U.S. 385, 397-98 (1914) (finding the misspelling of a Defendant's name immaterial when service of process was mailed to the Defendant's address).  First, the Complaint identifies Steak Inc. as doing business as Original Philly Cheesesteak Co.  (Doc. No. 1, Exh. A.)  Yet, Steak—not Steak Inc.—is the fictitious name registered to Original Philly Cheesesteak Co.  Moreover, as I have discussed, the Complaint identifies Steak Inc.'s address as 520 E. Hunting Park Avenue, the address registered by Steak,  not Steak Inc., which is located at 18th and Market Streets—an address that has nothing to do with this case.  (Doc. No. 1, Exh. A.)  Significantly, Plaintiff served her Complaint on Steak, not Steak Inc., which has never participated in this litigation.  (Doc. No. 1, Exh. A.)  Plaintiff has not even attempted to explain her failure to serve the Defendant she purports to name or her service upon a Defendant she has not named.  Indeed, in urging remand, Plaintiff herself refers to "Original Philly Steak," not Steak Inc. (Doc. No. 9 at 5.)  This is hardly surprising.  Plaintiff refers to all the Defendants as "the Tyson Defendants."  (Id. at 3, 5.)  As alleged, all three entities, interchangeably "doing business as" Tyson Foods, Original Philly Steak, and Original Philly Holdings, manage and control the plant at which Mr. Barker contracted COVID-19.  Yet, the Commonwealth's business records confirm that "Steak, Inc." has not "done business as" Tyson or Holdings and has no connection to the plant where Mr. Barker worked.

Steak is a fictitious name entity that traces back to Holdings.  Use of the fictitious name "The Original Philly Steak" thus does not create a separate legal entity.  Burlington Coat Factory,

126 A.3d at 1024.  Rather, Steak is simply another name for Holdings.  Because, as I have discussed, Plaintiff fraudulently joined Holdings, Plaintiff also fraudulently joined Steak.

### D. Diversity Jurisdiction Exists

Mrs. Barker is a citizen of Pennsylvania in both her own and her representative capacities. (Doc. No. 9.)  Because Holdings and Steak, although citizens of Pennsylvania, were fraudulently joined, I may disregard their citizenship in determining jurisdiction.  In re Briscoe, 448 F.3d at 216.  It is undisputed that the remaining defendant, Tyson Foods, is a citizen of Arkansas—its principal place of business—and Delaware—its state of incorporation.  (Doc. No. 1, Exh. A.) Complete diversity thus exists.  Finally, Barker does not contest that the amount in controversy exceeds $75,000.  Accordingly, diversity jurisdiction exists.  28 U.S.C. § 1332 (2018).

### V. Conclusion

It is undisputed that Tyson is diverse from Plaintiff.  The "Pennsylvania Defendants" were fraudulently joined: Holdings is immune from suit; "Steak" is simply Holdings' fictitious name (and so does not exist for jurisdictional purposes).  Because complete diversity exists, I will deny the Motion to Remand.  In light of my decision, I will not address Tyson's arguments regarding federal question and federal defense jurisdiction.

An appropriate Order follows.

November 4, 2021                                          */s/ Paul S. Diamond*
                                                                                         Paul S. Diamond, J.